IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| JAMES BARNETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:1:22-cv-00007 |
| | ) |
| HAYNES INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

JURISDICTION

1. This suit is authorized and instituted pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000 et al., as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a right to sue letter and Plaintiff received the letter on October 24, 2021.

PARTIES

3. Plaintiff, James Barnett, Jr., is an African-American citizen of the United States and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

FACTS

5. Plaintiff began working for Defendant in 2000 as a General Operator.

6. Plaintiff performed his job well.

7. Plaintiff has worked for Defendant for over twenty years.

8. In 2019 Defendant began to discipline Plaintiff and another black employee for alleged cell phone violations.

9. Defendant had no policy regarding cell phone use.

10. Further, similarly situated white employees, who used cell phones on the job, were not disciplined for cell phone use.

11. On November 19, 2019, Plaintiff was disciplined and put on a last chance agreement because he had earbuds in his ear.

12. However, there are similarly situated white employees who used earbuds at work but they were not disciplined.

13. Subsequently, Defendant experienced a blackout.

14. During the blackout Plaintiff took out his phone to use it for light.

15. Defendant's superintendent saw Plaintiff.

16. Plaintiff was terminated on August 14, 2020.

17. The reason given for Plaintiff's termination was that he was using his cell phone while at work.

18. Again, there are white similarly situated employees who have engaged in the same or worse conduct, but they were not terminated.

19. Subsequently, a black employee who had also been terminated for cell phone usage had filed a grievance.

20. That grievance went to arbitration and the arbitrator ruled against Defendant and

ordered Defendant to reinstate that employee.

21. Thereafter on August 25th Plaintiff was reinstated but he was denied backpay.

22. On February 8, 2021, Defendant entered into an agreement with the union to waive all violations for cell phone violations for all white employees who were disciplined for cell phone violations.

23. However, Defendant refused to waive the alleged cell phone violation for Plaintiff and the other black employees.

## COUNT I

24. Plaintiff incorporates by reference paragraphs 1-23.

25. Defendant as a result of discriminating against Plaintiff due to his race violated Title VII 42 U.S.C. § 2000e et al.

## COUNT II

26. Plaintiff incorporates by reference paragraphs 1-23.

27. Defendant as a result of discriminating against Plaintiff due to his race violated 42 U.S.C. § 1981.

## COUNT III

28. Plaintiff incorporates by reference paragraphs 1-22.

29. Defendant as a result of harassing and creating a hostile environment for Plaintiff due to his race has violated 42 U.S.C.§ 1981.

## COUNT IV

30. Plaintiff incorporates by reference paragraphs 1-23.

31. Defendant as a result of harassing and creating a hostile environment for Plaintiff du to his race has violated Title VII, 42 U.S.C. § 2000e et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Reinstate Plaintiff to position from which he was terminated or front pay in lieu of termination.

B. Award Plaintiff back pay and benefits lost;

C. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff punitive damages;

F. Award Plaintiff her costs in this action and reasonable attorney fees;

G. Grant Plaintiff a permanent injunction enjoining Defendant from engaging in any employment practice or policy which discriminates against Plaintiff on the basis of race.

H. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully submitted,

s/Gregory A. Stowers
GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by jury.

                    Respectfully submitted,

                    **STOWERS & WEDDLE P.C.**

                    s/Gregory A. Stowers
                    GREGORY A. STOWERS, 13784-49
                    Attorney for Plaintiff

Gregory A. Stowers, 13784-49
STOWERS & WEDDLE P.C.
626 N. Illinois Street
Suite 201
Indianapolis, IN   46204
(317)636-6320